UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEROY BELLAMY and )
PACODA BELLAMY, )
 )
    Plaintiffs, ) 3 09 1067
 )
v. ) No. 3:09mc0135
 ) Judge Echols
STATE OF TENNESSEE, ET AL., )
 )
    Defendants. )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiffs, proceeding *pro se* and *in forma pauperis*, are Nashville residents. They bring this action under Title VI of the Civil Rights act of 1964. Plaintiff Leroy Bellamy asserts that he is representing himself and his daughter, Pacoda Bellamy.[1] Plaintiff Leroy Bellamy claims to be his daughter's court appointed conservator. The plaintiffs name the following defendants to this action: 1) the State of Tennessee; 2) Governor Phil Bredesen; 3) "Voc Rehabilitation";[2] 3) Virginia Lodge; 4) Angela Cooper; 5) Tom Hannon; 6) Vernon Hooks; 7) Terry Smith; 8) Jeffery Blankenship; and 9) Mandy Johnson. Defendants Lodge, Cooper, Hannon, Hooks, Smith, Blankenship, and Johnson appear to be employed by, or affiliated with, the Tennessee Department of Human Services.

---

[1] It is unclear from the pleadings whether Leroy Bellamy and his daughter, Pacoda Bellamy, are both plaintiffs to this action. Although plaintiff Leroy Bellamy asserts on the one hand that he is bringing this action on his daughter's behalf as her court appointed conservator, on the other hand he appears to be raising claims in his own right. Therefore, the Court liberally construes that Leroy Bellamy and Pacoda Bellamy are both plaintiffs to this action.

[2] Although unclear from the complaint, it appears that defendant "Voc Rehabilitation" is the Tennessee Department of Human Services, Division of Rehabilitation Services.

## II. ANALYSIS

*Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, the Court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

### A. Plaintiff Pacoda Bellamy

As noted *supra*, plaintiff Leroy Bellamy claims to represent his daughter in this action as her court appointed conservator. In its prior Order, the Court explained that "non-lawyers may not represent the rights of other non-lawyers in federal court," and instructed plaintiff Leroy Bellamy to "identify the specific legal authority under which he purports to be representing Pacoda Bellamy in federal Court." (Docket Entry No. 3, pp. 102) Apart from repeating in his application to proceed *in forma pauperis* that he is Pacoda Bellamy's court appointed conservator (Docket Entry No. 6, ¶ 7, p. 3), plaintiff Leroy Bellamy has not complied with the Court's instructions on this point.

Although plaintiff Leroy Bellamy has not provided any proof that he is his daughter's court appointed conservator, *i.e.*, a court Order to that effect, the Court assumes for the sake of discussion that he is. Under Rule 17(c), Fed. R. Civ. P., a "conservator" may bring an action on behalf of a minor or incompetent person. Rule 17(c) does not, however, provide that a non-lawyer conservator may represent his ward in federal court. On the contrary, Rule 17(c) clearly envisions representation by counsel. Therefore, for the reasons explained in the Court's prior Order, plaintiff Leroy Bellamy may not represent his daughter, Pacoda Bellamy, in this action.

Case 3:09-cv-01067 Document 8 Filed 11/06/09 Page 2 of 5 PageID #: 20

B. Plaintiff Leroy Bellamy

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[3] 42 U.S.C. § 2000d. Title VI was intended to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution." *Neighborhood Action Coalition, et al., v. City of Canton, Ohio*, 882 F.2d 1012, 1014 (6th Cir. 1989)(citing *Regents of the University of California v. Bakke*, 438 U.S. 265, 284 (1978)).

Plaintiff Leroy Bellamy set forth seven (7) claims in his initial complaint. The statement of the claim is quoted below in its entirety:

1. 1964 Civil Rights Act.

2. Fail to accommodate.

3. Fail to follow freedom of information act.

4. Fail to serve the Unserve [*sic*].

5. Violation of the 504[.]

6. Conspiracy[.]

7. Also Mr. Jeffery Blankenship is a Lawyer and Coordinator for Title 6 for the State of Tennessee and Voc Rehab program bill Russell General Counsel for the State of Tennessee. . . .

(Docket Entry No. 1). The claims set forth in the amended complaint are quoted below, once again, in their entirety.

---

[3] The language "program or activity" is defined as "all the operations of" a "department, agency, . . . or other instrumentality of a State or of a local government." 42 U.S.C. § 2000d-4a(1)(A).

3

1. [V]iolation of 1964 civil rights[.]

2. [F]ailure to accommodate[.]

3. [V]iolation of title 6[.]

4. [F]ail to serve the underserved[.]

5. [F]ailure to communicate with African American blind clients[.]

6. [F]ail to release information that concerns a client[.]

7. [V]iolation of African American rights by having him to contact their attorney before he can receive service from or through their program[.]

8. [C]onspiracy[.]

   P.S. Fail to accomidate [sic] by refusing to let me comm[n]icate with other employers [sic] befor[e] talking with their attorney's [sic]

9. [R]efuse to answer administrated complaints when filed against another state employee[.]

I Leroy Bellamy have ask the state of quit [sic] a bit of materials but they refuse to accommodate me[.] I have ask[ed] for a copy of policy and laws concerning the program since I am a client affiliated with the program[.] I have been denied am [sic] majority of it[.] I have ask how many of their clients have to contact their attorney before receiving service but no policy, law or memo [has] been submitted[.] Still refuse to accommodate me . . . .

(Docket Entry No. 2).

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the

4

material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

The plaintiff has named nine (9) defendants to this action. However, he has not alleged, or shown, what any of the defendants did, or failed to do, that violated his rights under Title VI. Moreover, plaintiff Leroy Bellamy's specific claims are mere naked allegations, totally devoid of any supporting facts. Consequently, his claims are conclusory and, as such, subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For the reasons explained herein, plaintiff Pacoda Ballamy's claims will be dismissed without prejudice, whereas plaintiff Leroy Bellamy's claims will be dismissed with prejudice for failure to state a claim on which relief may be granted. Because an appeal would not be taken in good faith, neither plaintiff will be certified to appeal the Court's judgment *in forma pauperis*.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge

5

Case 3:09-cv-01067   Document 8   Filed 11/06/09   Page 5 of 5 PageID #: 23